O

```
IN THE UNITED STATES DISTRICT COURT
   FOR THE SOUTHERN DISTRICT OF TEXAS
              HOUSTON DIVISION

ABN-AMRO MORTGAGE GROUP, INC.,  §
                                §
     Plaintiff,                 §
                                §
v.                              §   CIVIL ACTION NO. H-04-1787
                                §
EMERSON MANUFACTURED HOMES,     §
LTD., ET AL.,                   §
                                §
     Defendants.                §
```

**MEMORANDUM AND ORDER**

Pending is Foremost Insurance Company's and Foremost Insurance Mutual Insurance Company's Motion to Dismiss or Motion for More Definite Statement (Document No. 175). Having considered the motion, Plaintiff's Response (Document No. 188), the parties' additional briefing (Document Nos. 194 & 196), and Plaintiff's Second Amended Complaint (Document No. 168), the Motion to Dismiss will be denied but without prejudice to being re-urged after Plaintiff is given an opportunity to amend, and Defendants' Motion for More Definite Statement will be granted in part.

I. **Background and Procedural History**

Plaintiff ABN-AMRO Mortgage Group, Inc. is a national mortgage lender. Plaintiff alleges that it funded 676 separate loans based upon fraudulent information provided to it primarily by Defendant Royal Lion Mortgage, Inc., who was acting in concert with the other

Defendants.  Plaintiff alleges that Defendants developed a scheme to obtain "refinancing" loans for mobile homes for non-creditworthy borrowers at inflated prices.  According to Plaintiff, the "scheme" operated as follows:

> 17.  Emerson [Manufactured Homes, Ltd.] sold manufactured homes to borrowers for little or no money down and no closing costs.  To finance the sale, the Defendants conducted two transactions: a "pre-closing" which vested title in the borrower and created a "lien" in favor of the seller; and a "refinance" mortgage closing to pay off the fictitious, pre-existing debt to one or more of the Raybon/Emerson Defendants.  Often, these "prior liens" were only one or two days old when they were refinanced.
>
> 18.  The members of the enterprise submitted these "refinance" applications to Plaintiff prior to the time the borrower even took title to the property and often before the manufactured homes had been affixed to the real estate.  False, misleading and fraudulent loan applications, together with bloated appraisals and insurance, were submitted to Plaintiff by Royal Lion in order to induce ABN-AMRO to loan amounts greatly in excess of what was warranted by the true value of the collateral and the actual credit worthiness of the borrowers.  Ownership and value of the property as well as borrower assets and income were routinely misstated on the loan applications to give the false impression of the buyer having a stake in the property and the ability to repay the mortgage.
>
> 19.  This sham "refinance" scheme allowed the homebuyers to avoid the more stringent requirements for a purchase mortgage, such as a down payment and payment of closing costs.  The pre-existing liens were mere contrivances to allow the members of the enterprise to siphon the maximum amount of loan proceeds from each closing.  The scheme also greatly increased the enterprises revenues.

Second Amended Complaint (Document No. 168) at 5-6.  Plaintiff sets forth claims in its Second Amended Complaint for civil RICO

violations, various types of fraud, various types of negligence, and violations of the Texas Insurance Code.

Defendants Foremost Insurance Company and Foremost County Mutual Insurance Company (collectively "Foremost") argue in their Rule 12(b)(6) Motion to Dismiss that dismissal of the RICO claims against them is warranted because: (1) Plaintiff has not alleged how they may have engaged in any predicate RICO act; (2) there is no particularized allegation regarding their participation in the fraudulent scheme; (3) the alleged violations of the Texas Insurance Code do not suffice as predicate RICO acts; (4) the conduct of Becky Blankenship d/b/a Blankenship Insurance Agency ("Blankenship") cannot be imputed to them under a theory of vicarious liability because there are no allegations that Blankenship committed any wrongful acts under their direction, with their knowledge, or for their benefit; and (5) there are no allegations that they had knowledge of the unlawful scheme. As for the Motion for More Definite Statement, Foremost argues that they are entitled to a more definite statement, and more facts in support of, every other claim that has been alleged in this case. In particular, Foremost argues that it cannot respond to the claims and allegations in Plaintiff's Second Amended Complaint against the "Insurance Defendants" as a collective.

## II. <u>Discussion – Motion to Dismiss</u>

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. *See* <u>Lowrey v. Texas A & M Univ. Sys.</u>, 117 F.3d 242, 247 (5th Cir. 1997). Dismissal of a claim is improper "unless it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." <u>Leffall v. Dallas Indep. Sch. Dist.</u>, 28 F.3d 521, 524 (5th Cir. 1994). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." <u>Fernandez-Montes v. Allied Pilots Ass'n</u>, 987 F.2d 278, 284 (5th Cir. 1993). In challenging the sufficiency of the complaint under Rule 12(b)(6), the defendant bears the burden of proving that "no relief could be granted under any set of facts that could be proved consistent with the allegations" in the complaint. <u>Hishon v. King & Spalding</u>, 104 S. Ct. 2229, 2232 (1984). While the district court generally may not go outside the complaint in addressing a Rule 12(b)(6) motion, it may consider documents attached to the complaint, as well as documents that are referenced in and central to the complaint. *See* <u>Kennedy v. Chase Manhattan Bank USA, NA</u>, 369

4

F.3d 833, 839 (5th Cir. 2004); Scanlan v. Texas A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003).[1]

The pleading of RICO claims, which are based on predicate acts of fraud,[2] are subject to the heightened pleading requirements of FED. R. CIV. P. 9(b). Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1138-39 (5th Cir. 1992) (Rule 9(b)'s particularity requirement "applies to the pleading of fraud as a predicate act in a RICO claim"); Walsh v. America's Tele-Network Corp., 195 F. Supp. 2d 840, 846 (E.D. Tex. 2002) ("To properly plead RICO claims under Rule 9(b), the plaintiffs must plead the time, place and contents of the false representations, as well as the identity of the person making the misrepresentations and what the person obtained by the

---

[1] In an Objection to Plaintiff's Response (Document No. 194), Foremost argues that the 29 exhibits submitted by Plaintiff in response to the Motion to Dismiss are "extraneous to the contents of Plaintiff's Second Amended Complaint" and should not be considered in connection with Foremost's Rule 12(b)(6) Motion to Dismiss. The Court agrees and SUSTAINS Foremost's Objection (Document No. 194).

[2] *Any* RICO cause of action based on 18 U.S.C. § 1962 requires proof of "1) a *person* who engages in 2) a *pattern of racketeering activity* 3) which is connected to the acquisition, establishment, conduct or control of an *enterprise*." Crowe v. Henry, 43 F.3d 198, 204 (5th Cir. 1995). A "pattern of racketeering", in turn, "requires at least two acts of racketeering activity," 18 U.S.C. § 1961(5), and must be proven with evidence of: "1) predicate acts--the requisite racketeering activity, and 2) a pattern of such acts." In re Burzynski, 989 F.2d 733, 742 (5th Cir. 1993). The predicate acts of mail fraud in violation of 18 U.S.C. § 1341, and wire fraud in violation of 18 U.S.C. § 1343 are acts which, if proven, constitute "racketeering activity" within the meaning of 18 U.S.C. § 1962. *See* 18 U.S.C. § 1961(1) (definition of "racketeering activity" and enumerated offenses).

5

representations."); Heden v. Hill, 937 F. Supp. 1230, 1243 (S.D. Tex. 1996) ("[A]llegations of mail fraud and wire fraud must be made with the particularity required by FED. R. CIV. P. 9(b)"). Under Rule 9(b), "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). Particularity, at a minimum, requires allegations as to the time, place, and the contents of the representation upon which the fraud is based, as well as the identity of the person making the representation, and the objective of the fraud. Tel-Phonic, 975 F.2d at 1139; Bonton v. Archer Chrysler Plymouth, Inc., 889 F. Supp. 995, 1004 (S.D. Tex. 1995). Rule 9(b) also, in the civil RICO context, requires that the plaintiff specifically allege how *each* act of fraud furthered the fraudulent scheme, Heden, 937 F. Supp. at 1243, and how *each* defendant participated in the fraud. DiVittorio v. Equidyne Extractive Ind., Inc., 822 F.2d 1242, 1247 (2nd Cir. 1987); Walsh, 195 F. Supp. 2d at 846; Thornton v. Micrografx, Inc., 878 F. Supp. 931, 937 (N.D. Tex. 1995). It is not enough for the plaintiff vaguely to attribute the alleged fraudulent activity to the "defendants" collectively. *See* Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993); Vicom, Inc. v. Harbridge Merch. Servs., Inc., 20 F.3d 771, 777-78 (7th Cir. 1994); In re Mastercard Int'l, Inc. Internet Gambling Litigation, 132 F. Supp. 2d 468, 482 (E.D. La. 2001).

The predicate acts alleged by Plaintiff in support of its RICO claims in this case include mail fraud, in violation of 18 U.S.C. § 1341, and wire fraud, in violation of 28 U.S.C. § 1343. Plaintiff, however, has not alleged, with the particularity required by Rule 9(b), what Foremost did in furtherance of the fraud. While Plaintiff argues (and alleges) in response to the Motion to Dismiss that Foremost, together with Blankenship, its agent, used the mails and wires to transmit documents that contained false information about the value of the properties that were insured, *see* Plaintiff's Response to Defendants' Motion to Dismiss (Document No. 188) at 25-26, such allegations are not included in Plaintiff's Second Amended Complaint. Moreover, even if these allegations had been included in Plaintiff's Second Amended Complaint, they would not have been sufficiently particularized to meet the requirement Rule 9(b). There are no particularized allegations regarding the documents containing the false information, no allegations regarding the date(s) when such documents were transmitted in furtherance of the fraudulent scheme, and no allegations regarding Foremost's (and its alleged agent's) specific role in the scheme. Foremost is entitled to such specifics under Rule 9(b). The RICO claims against Foremost are therefore subject to dismissal unless Plaintiff, within fourteen (14) days after the entry of this Order, files an amended complaint that sets forth with particularity as required by Rule 9(b), the

predicate acts of fraud that support Plaintiff's RICO claim against Foremost.

    III.   <u>Discussion – Motion for More Definite Statement</u>

Under FED. R. CIV. P. 12(e):

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. . . .

A motion for more definite statement should be denied where the movant is reasonably able to respond to the pleading. <u>Mitchell v. E-Z Way Towers, Inc.</u>, 269 F.2d 126, 131-132 (5th Cir. 1959); <u>Neagley v. Atascosa County EMS</u>, 2005 WL 354085 (W.D. Tex. 2005). Only when a pleading is *so* vague and ambiguous that a responsive pleading cannot be framed is a more definite statement warranted. <u>Beanal v. Freeport-McMoran, Inc.</u>, 197 F.3d 161, 164 (5th Cir. 1999); 5C CHARLES ALLEN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1376 (3d ed. 2004).

    To the extent Plaintiff is required, as set forth above, to replead his predicate acts of fraud to conform with the requirements of Fed. R. Civ. P. 9(b), Foremost's Motion for More Definite Statement of Plaintiff's RICO claim will be granted. Plaintiff's other fraud-based claims against Foremost suffer from the same pleading insufficiencies under Rule 9(b). Therefore,

8

Foremost's Motion for More Definite Statement of Plaintiff's fraud-based claims will also be granted.

Plaintiff's remaining negligence-based claims and the claim for violations of the Texas Insurance Code are not, within the meaning of Rule 12(e), so vague or ambiguous that Foremost cannot reasonably respond.  In addition, while Plaintiff's Second Amended Complaint, at the time it was filed, contained collective allegations regarding the "Insurance Defendants," which included Foremost, the subsequent dismissal of numerous defendants leaves Foremost, along with Blankenship, as the only remaining Insurance Defendants.  Foremost's contention that it cannot respond to the collective allegations against the "Insurance Defendants" is therefore moot.

## IV.  Order

Based on the foregoing, it is

ORDERED that Foremost Insurance Company's and Foremost Insurance Mutual Insurance Company's Motion to Dismiss (Document No. 175-1) is DENIED, but without prejudice to being re-urged after Plaintiff shall have had fourteen days after the entry of this Order to file an amended complaint that sets forth with particularity, as required by Fed. R. Civ. P. 9(b), Plaintiff's RICO claim against Foremost Insurance Company and Foremost Insurance Mutual Insurance Company.  It is further

9

ORDERED that Foremost Insurance Company's and Foremost Insurance Mutual Insurance Company's Motion for More Definite Statement (Document No. 175-2) is GRANTED in PART, and Plaintiff shall, within fourteen days after the entry of this Order, provide Defendants Foremost Insurance Company and Foremost Insurance Mutual Insurance Company with a more definite statement of all the fraud-based claims alleged against them. If Plaintiff declines to replead, the RICO and fraud claims will be dismissed.

The Clerk will enter this Order and send copies to all parties of record.

SIGNED at Houston, Texas on this 15th day of August, 2005.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE